## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                      **NO. 11-235**

**BRYAN WASHINGTON**                           **SECTION: G**

### ORDER AND REASONS

Before the Court are Defendant Bryan Washington's ("Washington") "Motion for an Out-of-Time Notice of Appeal"[1] and his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[2] In his "Motion for an Out-of-Time Notice of Appeal," Washington argues his counsel, Marion Farmer ("Farmer"), failed to file a Notice of Appeal after being instructed to do so. In his motion to vacate his sentence, Washington argues: (1) Farmer was ineffective for inducing his guilty plea on a promise that he would receive a guideline sentence of 11 years;[3] (2) Farmer failed to challenge his conviction under 21 U.S.C. § 851(b);[4] (3) Farmer failed to file a Notice of Appeal after being instructed to do so;[5] and (4) the factual basis was not adequate to support a conviction under 18 U.S.C. § 924(c).[6] After considering the motions, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will deny Washington's pending motions.

---

[1] Rec. Doc. 589.

[2] Rec. Doc. 604.

[3] Rec. Doc. 604 at 4.

[4] *Id.* at 5.

[5] *Id.* at 7.

[6] *Id.* at 8.

1

## I. Background

### A. Factual Background

On December 9, 2011, Washington was charged in a 17-count superseding indictment with 13 counts of drug-related offenses.[7] On June 22, 2012, the Court received a letter from Washington in which he stated his dissatisfaction with his court-appointed counsel.[8] In this letter, Washington requested alternative counsel.[9] In a post-script to the letter, Washington also informed the Court that, "[M]y current attorney keeps pushing me to plead out. He brings paperwork to me, but doesn't explain it."[10] On July 3, 2012, a hearing was held before Magistrate Judge Alma Chasez to discuss the difficulties Washington was having with his counsel.[11] At that hearing, Washington withdrew his motion for new counsel.[12]

On April 8, 2013, the day Washington was set to go to trial, he pled guilty to two of the 13 counts in the superseding indictment: Count 1, conspiracy to distribute more than 280 grams of cocaine base or 500 grams of cocaine hydrochloride, and Count 8, possession of a firearm in furtherance of a drug trafficking crime.[13] He did so pursuant to a plea agreement with the Government.[14] In the plea agreement, Washington waived his right to appeal except if he received a sentence in excess of the

---

[7] Rec. Doc. 110.

[8] Rec. Doc. 219.

[9] *Id.* at 1.

[10] *Id.* at 2.

[11] Rec. Doc. 227.

[12] *Id.*

[13] Rec. Doc. 411 and Rec. Doc. 414.

[14] Rec. Doc. 414.

statutory maximum or "if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[15] During Washington's re-arraignment, he acknowledged his waiver of appeal and affirmed that his waiver was knowing and voluntary.[16] On July 11, 2013, the Court sentenced Washington to 240 months as to Count 1 and 60 months as to Count 8, for a total of 300 months imprisonment.[17]

### B. Procedural Background

On May 1, 2014, Washington filed the pending "Motion for an Out-of-Time Notice of Appeal."[18] On July 11, 2014, Washington filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[19] On September 4, 2014, the Court held an evidentiary hearing. Bryan Washington, attorney Marion Farmer and FBI Special Agent Christopher Stokes testified.

## II. Parties' Arguments

### A. Defendant's Motion

In his request to file an appeal out of time, Washington states that "[e]very criminal defendant convicted in federal district courts has a right to direct appeal."[20] Washington notes that an indigent criminal defendant also has the right to effective assistance of counsel during his appeal.[21] According

---

[15] *Id.* at 3.

[16] Rec. Doc. 411.

[17] Rec. Doc. 477 at 2.

[18] Rec. Doc. 589.

[19] Rec. Doc. 604.

[20] *Id.* at 2.

[21] *Id.*

to Washington, that right obligates a criminal defendant's counsel "to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious."[22] Washington continues that "an attorney has a constitutional duty to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."[23]

Washington contends that he "has been denied of [sic] his right to a Direct Appeal due to the failure of his Defense Counsel to file a timely notice of appeal after being instructed to do so."[24] According to Washington, he "explicitly made his attorney aware of his desire to appeal his sentence during their conferences at the jail's attorney/client conference rooms."[25] "As a result of counsel's failure to file the notice of appeal," Washington concludes, "[he] has been denied of [sic] his right to a direct appeal."[26] Accordingly, Washington asks this Court to grant his motion for an out-of-time appeal.[27]

In his motion to vacate his sentence, Washington argues: (1) Farmer was ineffective for inducing his guilty plea on a promise that he would receive a guideline sentence of 11 years after acceptance of responsibility;[28] (2) Farmer failed to challenge his conviction under 21 U.S.C. § 851(b);[29]

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* at 3.

[27] *Id.*

[28] Rec. Doc. 604 at 4.

[29] *Id.* at 5.

(3) Farmer failed to file a Notice of Appeal after being instructed to do so;[30] and (4) the factual basis was not adequate to support a conviction under 18 U.S.C. § 924(c).[31] Washington argues that he accepted the plea agreement upon the advice of Farmer that he would receive an eleven year sentence based on the Sentencing Guidelines, rather than the statutory mandatory minimum sentence of 20 years.[32] Washington contends that the Court and Farmer failed to inform him that he could challenge the validity of any prior conviction.[33] He argues that Farmer should have challenged his prior conviction and that he was prejudiced by Farmer's failure to do so.[34] Washington re-asserts the arguments made in his "Motion to File an Out-of-Time Notice of Appeal," arguing that Farmer was ineffective for failing to file an appeal upon Washington's request.[35] Finally, Washington argues that the factual basis for conviction lacks evidence that firearms were actively employed or served to advance the drug trafficking crime as required under 18 U.S.C. § 924(c) .[36]

**B. Government's Opposition**

On August 28, 2014, the Government filed a memorandum in opposition to Washington's motions.[37] The Government argues that Washington has not established ineffective assistance of

---

[30] *Id.* at 7.

[31] *Id.* at 8.

[32] *Id.* at 16–18.

[33] *Id.* at 18.

[34] *Id.* at 20.

[35] *Id*. at 21.

[36] *Id*. at 21–22.

[37] Rec. Doc. 614.

counsel for failure to advise him of the consequences of entering a guilty plea.[38] The Government cites the plea agreement, which informed Washington that he faced a minimum sentence of 20 years imprisonment as to Count 1 and 5 years imprisonment as to Count 8.[39] The Government also notes that the Court informed Washington of the maximum penalties and sentencing guidelines prior to entering a plea of guilty during the re-arraignment.[40]

The Government argues that Washington has not established ineffective assistance for failure to object to the § 851 information.[41] The Government contends that Washington never requested that Farmer contest the § 851 information.[42] The Government argues that it ultimately dismissed one of two sentencing enhancements under 21 U.S.C. § 851 as part of Washington's plea agreement.[43]

The Government asserts that Washington has not established a claim of ineffective assistance for failure to file a notice of appeal.[44] The Government argues that Farmer's testimony indicates that Washington never requested an appeal, and Farmer informed Washington that his appeal rights would be waived as a condition of the plea agreement.[45] The Government contends that Farmer's failure to file an appeal was not unreasonable because Washington waived his right to appeal under the express

---

[38] *Id.* at 3.

[39] *Id.* at 3–4.

[40] *Id.* at 4.

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.* at 4–5.

[45] *Id.* at 5.

terms of the plea agreement.[46]

Finally, the Government argues that Washington has not established that the factual basis was insufficient to support a conviction under 18 U.S.C. § 924(c).[47] The Government argues, "Washington confirmed that his possession of firearms was in furtherance of the drug trafficking crime when he signed the factual basis and acknowledged its accuracy during the Rule 11 colloquy with the Court."[48]

### III. Law and Analysis[49]

#### A. Ineffective Assistance of Counsel

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[50] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[51]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[52] Petitioner must show

---

[46] *Id.*

[47] *Id.* at 6.

[48] *Id.*

[49] Washington's "Motion to File an Out-of-Time Notice of Appeal" was filed in letter form. Federal Rule of Criminal Procedure 47 provides that "[a] party applying to the court for an order must do so by motion." "These procedures are not ceremonial: they serve to apprise the court of important business that needs attending." *United States v. Smart*, 488 F. App'x 790, n. 2 (5th Cir. 2012). The Fifth Circuit has noted that where a defendant "docketed a letter with the court," rather than filing the appropriate motion "he can hardly complain that it was not addressed or noted." *Id.* Here, Washington filed the letter with the Clerk of Court stating, "Please accept this letter as a motion for an Out-Of-Time Notice of Appeal." (Rec. Doc. 589 at 1). Accordingly, the Court will construe the letter as a motion, but cautions that all applications to the Court for an order should be by motion.

[50] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[51] *Id.* at 697.

[52] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[53] Courts addressing this prong of the test for ineffective assistance of counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[54]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[55] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[56] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[57]

### i. Failure to Advise Washington of the Mandatory Minimum Sentence

Washington claims that Farmer induced his guilty plea on a promise that he would receive a guideline sentence of 11 years rather than the mandatory minimum sentence of 25 years. At the evidentiary hearing, Washington admitted that Farmer never told him he would receive an 11 year sentence. However, at another point in the evidentiary hearing, Washington changed his testimony, indicating that Farmer influenced his decision to plead guilty by telling him that he could get his sentence down to 11 years. Farmer testified that he never told Washington that he was facing an 11 year sentence. Further, the plea agreement provides:

> The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is:

---

[53] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[54] *See Strickland*, 466 U.S. at 689.

[55] *Id.* at 694.

[56] *Id.*

[57] *Crockett*, 796 F.2d at 793.

Count 1: A minimum of 20 years imprisonment and up to life imprisonment; a fine of up to twenty million dollars or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571 and Title 21, United States Code, Sections 841(b)(1)(A) and 851.

Count 8: At least a mandatory 5 year term of imprisonment consecutive to any other sentence awarded; a fine of $250,000.00, Title 18, United States Code, Section 3571.[58]

The Court finds no evidence, absent Defendant's uncorroborated testimony, to support his assertion that Farmer induced his guilty plea by promising that he would receive a guideline sentence of 11 years. Accordingly, the Court finds that Washington has not established that Farmer failed to advise him that he was facing a mandatory minimum sentence of 25 years.

Further, Washington was advised of the mandatory minimum sentence during his re-arraignment. Federal Rule of Criminal 11 provides that "[b]efore the court accepts a plea of guilty. . .the court must inform the defendant of, and determine that the defendant understands, . . .the nature of each charge to which the defendant is pleading. . .[and] any mandatory minimum penalty." "A district court commits Rule 11 error when accepting a guilty plea if it fails to inform the defendant 'accurately of the proper minimum sentence' that will result from the plea."[59] During Washington's re-arraignment, the Court informed Washington of the mandatory minimum sentences he was facing as to each count.[60] Farmer also stated that he informed Washington that he was facing a 20 year sentence as to Count 1 and a 5 year sentence as to Count 8.[61] At several times during the re-arraignment, Washington indicated that he understood the mandatory minimum sentence.[62] Washington was advised

---

[58] Rec. Doc. 414 at 1–2.

[59] *United States v. Carreon-Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012).

[60] Rec. Doc. 610 at 10–11.

[61] *Id*. at 15.

[62] *Id*. at 17, 31.

9

of the mandatory minimum sentence by Farmer, in the plea agreement and by the Court during his re-arraignment. Accordingly, the Court finds his ineffective assistance of counsel claim without merit.

### ii. Failure to Challenge the Prior Conviction under 21 U.S.C. § 851(b)

Washington contends that the Court and Farmer failed to inform him that he could challenge the validity of any prior conviction under 21 U.S.C. § 851(b). He argues that Farmer should have challenged his prior conviction, and he was prejudiced by Farmer's failure to do so.

"If a defendant has a prior conviction for a felony drug offense that the Government wishes to use to enhance the sentence resulting from a new conviction for a felony drug offense, the Government must give notice of that intent prior to a trial or to a plea of guilty" under 21 U.S.C. § 851(a).[63]  21 U.S.C. § 851(b) provides:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.[64]

In the instant case, the record reflects that Washington was aware that he could challenge his prior convictions. During a September 19, 2012 status conference and a September 28, 2012 status conference, the parties acknowledged that Washington planned to challenge his prior convictions.[65] Accordingly, the Court scheduled an evidentiary hearing to allow the Government an opportunity to establish the prior convictions.[66] The evidentiary hearing was cancelled because Washington agreed

---

[63] *United States v. Blevins*, 755 F.3d 312 (5th Cir. 2014).

[64] 21 U.S.C. § 851(b).

[65] Rec. Docs. 276 and 290.

[66] Rec. Doc. 320.

to stipulate to one prior conviction.[67] Farmer testified that he and Washington discussed the possibility of challenging his prior convictions. Farmer testified he looked into the prior pleas and found no basis to challenge the prior convictions, and Washington accepted this advice. As part of the plea agreement, the Government dismissed one of two sentencing enhancements filed under 21 U.S.C. § 851.[68] During the re-arraignment, the Government raised the issue of Washington's prior conviction, and Washington stipulated to the prior conviction.[69] Accordingly, the Court finds that Washington has not shown that his counsel was ineffective for failing to challenge his prior conviction under 21 U.S.C. § 851.

### iii. Failure to File a Notice of Appeal

Washington contends that Farmer was ineffective for failing to file a Notice of Appeal. Washington testified he told Farmer that he wanted to appeal his sentence on three occasions: the day of his re-arraignment, the day Farmer brought him a copy of his Pre-Sentence Investigation Report and the day of his sentencing. Farmer testified that Washington never instructed him to file a notice of appeal.

The Supreme Court in *Roe v. Flores-Ortega* noted that an attorney's performance is ineffective where he fails to file a Notice of Appeal requested by a criminal defendant.[70] When counsel fails to file a requested appeal, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal.[71] However, the Supreme Court rejected a rule that counsel must file a

---

[67] Rec. Docs. 318 and 319.

[68] Rec. Doc. 414 at 1.

[69] Rec. Doc. 610 at 51–52.

[70] 528 U.S. 470, 477 (2000).

[71] *Id.*

Notice of Appeal unless the defendant specifically instructs otherwise.[72] "In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken . . . the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal."[73] The Supreme Court defined the term "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."[74] "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance."[75] To show prejudice under these circumstances "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[76] "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination."[77]

In *United States v. Tapp*, a petitioner pled guilty to conspiracy to distribute drugs pursuant to a plea agreement in which he waived his right to bring an appeal except one brought on the grounds that the sentence imposed was in excess of the statutory maximum or was an upward departure from

---

[72] *Id*. at 478.

[73] *Id*.

[74] *Id*.

[75] *Id*.

[76] *Id.* at 484.

[77] *Id.* at 485.

the sentencing guidelines range.[78] Notwithstanding this, the petitioner brought a petition pursuant to 28 U.S.C. § 2255 in which he argued that his counsel was ineffective in failing to file a timely appeal.[79] The district court denied the § 2255 petition because the petitioner had waived his right to appeal his sentence per the terms of the plea agreement.[80] On appeal, the Fifth Circuit vacated the district court's judgment denying the petitioner's § 2255 petition and remanded the matter to the district court for an evidentiary hearing "[b]ecause the record in the instant case does not conclusively show whether [the petitioner] requested that his counsel file an appeal."[81] The Fifth Circuit held,

> [The Supreme Court's holding in] *Flores-Ortega* applies even where a defendant has waived his right to direct appeal and collateral review. In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.[82]

Washington relies only on his own incredible testimony to support his assertion that he asked Farmer to file a Notice of Appeal. The totality of Washington's testimony clearly indicates that he was not truthful during the evidentiary hearing. As discussed above, during the evidentiary hearing, Washington admitted that Farmer never told him he would receive an 11 year sentence, but he later changed his testimony, indicating that Farmer influenced his decision to plead guilty by telling him that he could get his sentence down to 11 years. Some of Washington's testimony at the evidentiary hearing directly contradicted statements Washington made under oath during his re-arraignment. At the

---

[78] 491 F.3d 263, 264 (5th Cir. 2007) (internal citations omitted).

[79] *Id.*

[80] *Id.*

[81] *Id.* at 266.

[82] *Id.*

evidentiary hearing, Washington testified he was not aware that he waived his right to appeal. However, he acknowledged that the Court informed him of the appellate waiver during his re-arraignment, but he indicated that he was "just going with the flow." Washington also testified he did not commit the acts alleged in Count 8 of the Superseding Indictment.

Washington testified that he never read the plea agreement and was not aware of the appeal waiver. However, Farmer testified that he went over the plea agreement with Washington, and Stokes testified that he observed Washington and Farmer going over the plea agreement the morning of the re-arraignment. Further, the record shows that Washington was active in the plea negotiations. Washington negotiated to have the Government return an Infiti FC45 as part of the plea agreement.[83] Washington also had the Government remove the section of the plea agreement related to cooperation.[84] Accordingly, the Court finds that Washington's testimony was not truthful and is entitled to little weight.

Washington's testimony that he asked Farmer to file an appeal was also directly contradicted by Farmer's testimony that Washington never asked him to appeal his sentence. Therefore, the Court finds that Washington has not demonstrated by a preponderance of the evidence that he requested an appeal. Accordingly, consistent with *Flores-Ortega*, the Court must address whether Farmer consulted with Washington about his appeal rights.

In decisions predating the Supreme Court's decision in *Flores-Ortega*, the Fifth Circuit held that the Constitution always requires "that the defendant be fully informed of his right to appeal."[85] "This would require that the client be advised not only of his right to appeal, but also of the procedure

---

[83] Rec. Doc. 414 at 4.

[84] *Id.*

[85] *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993)

and time limits involved and of his right to appointed counsel on appeal."[86] At the evidentiary hearing, Farmer testified that the issue of an appeal never came up. He stated that he did not go over an appeal with Washington. He informed Washington that he was waiving his right to appeal, but he stated that Washington never asked him if he could appeal his sentence. Accordingly, the Court finds that the record does not support a finding that Farmer "fully informed" Washington of his right to appeal, including the procedure and the time limits involved.

However, in cases following the Supreme Court's decision in *Flores-Ortega*, the Fifth Circuit has noted that the Constitution does not always require a duty to consult, and courts must determine "whether counsel's failure to consult breached a constitutional duty."[87] "Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[88] In *United States v. Pham*, Pham plead guilty pursuant to a plea agreement, and he was sentenced to the statutory mandatory minimum sentence.[89] During sentencing, Pham's counsel argued "for application of the safety valve to bypass the mandatory minimum sentence and for a departure downward to a term of probation."[90] The Fifth Circuit noted that "Pham's counsel knew that Pham had hoped to receive a sentence of probation only. When that hope did not materialize, a visibly upset Pham 'brought up that he was concerned about getting 60 months and wanted to do something to get less

---

[86] *Id.*

[87] *United States v. Phang*, 722 F.3d 320, 324 (5th Cir. 2013).

[88] *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480).

[89] *Id.* at 322.

[90] *Id.*

time.'"[91] The Fifth Circuit held that "this statement to counsel, when viewed in context, was enough to trigger counsel's constitutional duty to consult with Pham about an appeal."[92]

In the instant case, the Court finds the facts presented are distinguishable from those presented in *Pham*. Washington has presented no credible evidence showing that he demonstrated to Farmer that he was interested in appeal. Further, this was not a case where a rational defendant would want to appeal. There appear to be no nonfrivolous grounds for appeal. The Court imposed the mandatory minimum sentence, and Washington raised no grounds for departure or variance. Accordingly, the Court finds that Farmer's failure to consult with Washington regarding an appeal did not breach a constitutional duty.

Finally, the Court will address whether Washington has established prejudice. In *United States v. Bejarano*, the Fifth Circuit found that even if the petitioners could establish that their counsel "did not sufficiently consult with them about filing an appeal, and that counsel had a duty to do so," the petitioners could not demonstrate prejudice.[93] The court did not address the deficient performance prong, finding that the record did not support a finding that there was a "reasonable probability" that the petitioners "would have timely appealed but for their counsels' deficient failure to consult."[94] The petitioners relied on two facts to establish reasonable probability: (1) that they expressed interest to counsel in appealing and (2) Bejarano's testimony that he would have appealed.[95] The Fifth Circuit noted that the petitioners asked their counsel whether they could appeal, but found that "this fact alone

---

[91] *Id*. at 325.

[92] *Id*.

[93] 751 F.3d 280, 285–86.

[94] *Id*. at 286.

[95] *Id*.

[wa]s not 'proof' that [the petitioner's] would have appealed but for counsels' deficient performance."[96] The Fifth Circuit found the district court's finding that Bejarano's testimony that he would have appealed was "self-serving" and "implausible in light of the other evidence" was not clearly erroneous.[97] Moreover, the Fifth Circuit noted that petitioners waited "almost a full year after sentencing" to file their petitions, which the court noted were "post-sentencing actions that some courts have concluded 'indicate [the defendant] was unlikely to have' timely appealed."[98]

Here, Washington first raised the issue of an appeal on November 15, 2013, four months after his sentencing. Washington sent a letter to the Court requesting that his attorney send him documents related to his case.[99] The November 15, 2013 letter, which Washington's counsel admitted at the evidentiary hearing was not written by him states, "After sentencing on July 11, 2013, I requested the aforementioned documents from my attorney along with requesting an appeal be filed on my behalf."[100] The record indicates that Washington did not begin contemplating an appeal until November 2013, and he waited an additional six months to actually file a Notice of Appeal. As discussed thoroughly above and in open court during the evidentiary hearing, the Court finds Washington was an incredible witness and the letter was self-serving in many respects. His testimony that he would have appealed appears self-serving and implausible in light of the other evidence presented. Therefore, the Court finds that Washington has not established that he would have timely appealed but for Farmer's alleged deficient failure to consult with him regarding an appeal. Accordingly, the Court finds Washington's ineffective

---

[96] *Id.*

[97] *Id.* at 287.

[98] *Id.* (citing *Johnson v. United States*, 364 F. App'x 972, 977 (6th Cir. 2010).

[99] Rec. Doc. 518. The letter is dated November 13, 2013.

[100] *Id.* at 1.

assistance of counsel claim without merit.

**B. Sufficiency of the Factual Basis to Support a Conviction under 18 U.S.C. § 924(c)**

Finally, Washington argues that the factual basis was insufficient to support a conviction under 18 U.S.C. § 924(c). Specifically, Washington argues that the factual basis lacks evidence that the firearms were actively employed or served to advance the drug trafficking crime.

Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime or to possess a firearm in furtherance of such a crime. For a defendant to be found guilty of this crime, the government must prove each of the following beyond a reasonable doubt:

> First: That the defendant committed the [drug trafficking] crime alleged. . .; and
> Second: That the defendant knowingly used or carried a firearm during and in relation to, or knowingly possessed a firearm in furtherance of, the defendant's alleged commission of the crime charged. . .[101]

In the instant case, the factual basis provides:

> By possessing the firearm described above the defendant **BRYAN WASHINGTON** possessed this firearm 'in furtherance' of the offense charged in count 1 of the superseding indictment and this firearm furthered, advanced, and helped forward the drug trafficking offense in count 1 of the superseding indictment by providing protection for the co-conspirator. Finally, the firearm described above was possessed and used 'in relation to the drug trafficking offense' and the firearm had the purpose, role and effect of providing protection against others or the defendant **BRYAN WASHINGTON** and other co-conspirators during the course of the conspiracy charged in count 1 of the superseding indictment. Co-defendant **SIDNEY FRAZIER** personally observed defendant **BRYAN WASHINGTON** utilize a firearm in connection with the charge conspiracy.[102]

Washington confirmed that his possession of firearms was in furtherance of the drug trafficking crime when he signed the factual basis and acknowledged its accuracy during his re-arraignment. Therefore,

---

[101] *United States v. Montes*, 602 F.3d 381, 385 (5th Cir. 2010).

[102] Rec. Doc.

the Court finds Washington's argument that the factual basis is insufficient to support a conviction under 18 U.S.C. § 924(c) is unsupported by the record because Washington signed and confirmed the factual basis showing the possession of firearms further advanced the drug trafficking crime.

### IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Washington's "Motion for an Out-of-Time Notice of Appeal" is **DENIED.**

**IT IS FURTHER ORDERED** that Washington's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  14th  day of October, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**