UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 11-235** |
| **BRYAN WASHINGTON** | **SECTION: "G"** |

### ORDER AND REASONS

Pending before the Court are Defendant Bryan Washington's ("Washington") "Motion for Modification or Reduction of Sentence of Mandatory Minimum and Applicable Enhancements under 18 U.S.C. § 3582(c)(1)(B) Pursuant to the Ex Post Facto Retroactive Provisions of the First Step Act of 2018"[1] and "Motion for Appointment of Counsel"[2] Having considered the motions, the memoranda in support, the notice from the First Step Act Screening Committee, the record, and the applicable law, the Court denies both motions.

### I. Background

On December 9, 2011, Washington was charged in a 17-count superseding indictment with 13 counts of drug-related offenses.[3] On April 8, 2013, the day Washington was set to go to trial, he pleaded guilty to two of the 13 counts in the superseding indictment: Count 1, conspiracy to distribute more than 280 grams of cocaine base or 500 grams of cocaine hydrochloride, and Count 8, possession of a firearm in furtherance of a drug trafficking crime.[4] On July 11, 2013, the Court

---

[1] Rec. Doc. 914.

[2] Rec. Doc. 913.

[3] Rec. Doc. 110.

[4] Rec. Doc. 411.

1

sentenced Washington to 240 months imprisonment as to Count 1 and 60 months imprisonment as to Count 8, to be served consecutively, for a total of 300 months imprisonment.[5]

In December 2018, the President signed into law the First Step Act of 2018 (the "First Step Act").[6] On July 18, 2019, Washington filed a *pro se* motion for reduction of sentence pursuant to the First Step Act.[7] In the motion, Washington asserts that he is entitled to a sentence reduction under Sections 401 and 404 of the First Step Act.[8] Specifically, Washington argues that Sections 401 and 404 reduced the mandatory minimum sentences applicable to his case, and should be applied retroactively to him.[9] The same day, Washington also filed a "Motion for Appointment of Counsel."[10]

Pursuant to this Court's January 29, 2019 General Order, the motion for reduction of sentence was referred to the First Step Act Committee (the "Committee") for screening. On June 23, 2020, the Court received notice that all members of the Committee agree that Washington is not eligible for relief under Section 404 of the First Step Act.[11] Specifically, the Committee notes that Washington received the benefits afforded by the Fair Sentencing Act of 2010 (the "Fair Sentencing Act"), as his case began on June 11, 2011, after that law's enactment on August 3,

---

[5] Rec. Doc. 477.

[6] Pub. L. No. 115-391, 132 Stat. 5194, 5194–249 (2018).

[7] Rec. Doc. 914.

[8] *Id.* at 1, 5.

[9] *Id.*

[10] Rec. Doc. 913.

[11] Rec. Doc. 921.

2010.[12] Additionally, the Committee notes that Washington's claim under Section 401 of the First Step Act is outside the scope of the Committee's review.[13]

## II. Law and Analysis

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstance."[14] One of those limited circumstances authorizes a court to "modify an imposed term of imprisonment to the extent [] expressly permitted by statute[.]"[15] By its own terms, "the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed."[16]

In the motion to reduce sentence, Washington asserts that he is entitled to a sentence reduction under Sections 401 and 404 of the First Step Act of 2018.[17] Section 401 of the First Step Act, entitled "Reduce and Restrict Enhanced Sentencing for Prior Drug Felonies," amended certain mandatory minimum penalties for drug offenses and amended the types of prior offenses that can trigger enhanced penalties for those offenses.[18] However, by its own terms, Section 401 is not retroactive. Specifically, Section 401(c) provides:

---

[12] *Id.*

[13] *Id.*

[14] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quotation marks and brackets omitted) (citing 18 U.S.C. § 3582(b)).

[15] 18 U.S.C. § 3582(c)(1)(B).

[16] *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).

[17] Rec. Doc. 914.

[18] Pub. L. No. 115-391, 132 Stat. 5194, 5220 (2018).

> This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.[19]

Section 401 makes it clear that it applies only to offenses committed before the First Step Act's December 21, 2018 enactment date "if a sentence for the offense has not been imposed" as of that date.[20] In the present case, because Washington was sentenced in July 2013—more than five years before the First Step Act was enacted—Section 401 is inapplicable and has no effect on his sentence.[21]

Section 404(b) of the First Step Act does apply retroactively to certain defendants. Section 404(b) allows a defendant sentenced under statutory, mandatory minimum provisions that were lowered by the Fair Sentencing Act to petition the court to reduce the sentence as if the lower sentencing provisions were in effect at the time the offense was committed.[22] A court may not "entertain a motion" under Section 404 if either (1) the sentence was "previously imposed or previously reduced in accordance with" Sections 2 or 3 of the Fair Sentencing Act, or (2) "a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."[23] The Fair Sentencing Act was enacted on August 3, 2010. Washington was sentenced in July 2013 in accordance with the

---

[19] *Id.* at 5221.

[20] *Id.*

[21] *See Aguilar v. United States*, No. 1:11-CR-1098-2, 2020 WL 2310036, at *3 (S.D. Tex. Mar. 3, 2020) (Torteya, M.J.), report and recommendation adopted, No. 1:19-CV-00191, 2020 WL 2309593 (S.D. Tex. May 8, 2020) (Olvera, J.); *United States v. Wilson*, No. 13-CR-20369-02, 2019 WL 4547061, at *2 (E.D. Mich. Sept. 19, 2019) (Friedman, J.).

[22] Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).

[23] *Id.*

Fair Sentencing Act. Accordingly, Washington is not eligible for a reduction of sentence under Section 404 of the First Step Act.

Washington also seeks the appointment of counsel.[24] The Fifth Circuit has held that a defendant does not have a statutory or constitutional right to appointed counsel in Section 3582(c) proceedings.[25] The Court denies this request given its finding that Washington is not entitled to relief under Section 401 or 404 of the First Step Act.[26] Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bryan Washington's "Motion for Modification or Reduction of Sentence of Mandatory Minimum and Applicable Enhancements under 18 U.S.C. § 3582(c)(1)(B) Pursuant to the Ex Post Facto Retroactive Provisions of the First Step Act of 2018"[27] and "Motion for Appointment of Counsel"[28] are **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 14th day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[24] Rec. Doc. 913.

[25] *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995).

[26] Washington has not shown that fundamental fairness or the interests of justice require the appointment of counsel. *See United States v. Garcia*, 672 F. App'x 463, 464 (5th Cir. 2017).

[27] Rec. Doc. 914.

[28] Rec. Doc. 913.